UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SIDNEY HAWKINS,                                              00 CV 1343 (SJ)

                Petitioner,
                                                             **MEMORANDUM
                                                             AND ORDER**
        -against-

JOSEPH COSTELLO, Superintendent, Mid-
State Correctional Facility,

                Respondent.
----------------------------------------------------------X

APPEARANCES:

RICHARD ELLIOT KWASNIK, ESQ.
295 Madison Avenue, 21st Floor
New York, NY 10017
Attorney for Petitioner

CHARLES J. HYNES, ESQ.
District Attorney
Kings County
350 Jay Street
Brooklyn, NY 11201
By:    Phyllis Ruth Mintz
       Karen Marcus
       Assistant District Attorneys
Attorneys for Respondent

JOHNSON, Senior District Judge:

      Pending before this Court is Respondent's motion for a stay of this Court's

April 15, 2005 order granting, in part, a petition for a writ of habeas corpus and

ordering Petitioner's immediate release from custody. For the reasons explained

below, the Court LIFTS the interim stay it granted pending consideration of this

1

motion, DENIES the motion for a stay of execution of judgment, and ORDERS Petitioner's release effective fifteen days from the date this Order is docketed.

## BACKGROUND[1]

On April 15, 2005, this Court granted, in part, Sidney Hawkins' ("Petitioner" or "Hawkins") petition for a writ of habeas corpus and ordered his immediate release. Pursuant to 28 U.S.C. § 2254, Hawkins had sought reversal of his conviction of criminal possession of a weapon in the third degree (N.Y. Penal Law § 265.02(4)). In his underlying petition, Hawkins alleged improprieties during the grand jury proceedings that led to his indictment, ineffective assistance of both his trial and appellate counsel, the imposition of an unlawfully harsh and excessive sentence, and denial of his right to a fair trial. The District Attorney's office of Kings County, on behalf of Joseph Costello ("Respondent" or "the State"), opposed the petition.

On April 27, 2005, Respondent filed a Notice of Appeal of this Court's order with the Second Circuit Court of Appeals ("Second Circuit"). On May 3, 2005, Respondent moved to stay execution of the Judgment as well as for an interim stay pending this Court's ruling on the stay motion. The Court granted the interim stay.

---

[1] For a more detailed history of the proceedings in this matter, the Court refers both to the Report and Recommendation of Magistrate Judge A. Simon Chrein dated January 7, 2003, as well as to this Court's Memorandum and Order dated April 15, 2005. In that Order, this Court, in essence, concluded that the state trial court's unreasonable preclusion of potentially exculpatory evidence – namely a statement to the police made by an individual named "Eddie-Ed" – deprived Petitioner of his due process right to a fair trial, and that the error was not harmless beyond a reasonable doubt.

2

P-049

Petitioner filed an opposition affidavit on June 7, 2005. The Court then directed Respondent to supplement its filings on October 13, 2005, with respect to Petitioner's infraction record while in custody as well as his detention status pre-trial. Respondent complied by filing additional documentation and an affidavit on October 25, 2005 and a supplemental letter on October 27, 2005.

## DISCUSSION

According to the Federal Rules of Appellate Procedure, "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released." Fed. R. App. P. 23(c). Respondent seeks such an order from this Court.

In deciding on this motion, the Court must " be guided not only by the language of the Rule itself but also by the factors traditionally considered in deciding whether to stay a judgment in a civil case. There is [a] presumption in favor of enlargement of the petitioner with or without surety, but it may be overcome if the traditional stay factors tip the balance against it." Hilton v. Braunskill, 481 U.S. 770, 777 (1987). These factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially

injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 776 (citations omitted). See also Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002) (noting the same); Escalera v. Coombe, 697 F. Supp. 120, 121 (E.D.N.Y. 1988) (same).[2] The Court shall address each factor in turn.[3]

**1.** *Likelihood of Success on the Merits*

Recognizing that some uncertainty existed regarding exactly what a party must show to satisfy this factor, the Second Circuit in 2002 seemingly adopted – without explicitly requiring – a flexible approach allowing for the strength of one stay factor to overcome the weakness of another. See Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002) (stating that "we see considerable merit in the approach expressed by the District of Columbia Circuit: 'The necessary "level" or "degree" of possibility of success will vary according to the court's assessment of the other [stay] factors.'"

---

[2] Because "the general standards governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the State's appeal," Id. at 776, "[t]he movant bears the burden of proof." Hayes v. City Univ.of New York, 503 F. Supp. 946, 962 (S.D.N.Y. 1980) (citations omitted).

[3] In this context, courts are also required to consider the possibility of the prisoner's flight, if released, and "if the State establishes that there is a risk that the prisoner will pose a danger to the public if released, the court may take that factor into consideration in determining whether or not to enlarge him." Id. at 777. Additionally, "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered." Id. at 777. On balance, it is important to note that the weaker the State's showing on all of these factors, especially on the merits, "the preference for release should control." Id. at 778. The Court considers these additional factors below as part of its discussion of possible injury to the State.

(citing Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir.1977)). In essence, "'more of one [factor] excuses less of the other.'" Mohammed, 309 F.3d at 101 (citing Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991)).

Mindful of this approach, the Court first considers Respondent's likelihood of success on the merits. Because the Court stands by its findings of facts and conclusions of law from its April 15, 2005 order, it will not repeat those here. Instead, the Court will focus on Respondents' primary argument as to why its appeal is likely to succeed.[4]

Respondent argues that the trial court did not preclude Petitioner from making a proper record, even if that court remained unwilling to permit Petitioner to elicit certain key testimony from a police officer on the stand. See Respondent's Memorandum of Law in Support of its Motion for Stay Pending Appeal ("Respondent's Memo") at 2-4. This Court's conclusion that Petitioner was deprived of a fundamentally fair trial, however, was based on the trial court's refusal to permit Petitioner to offer potentially exculpatory evidence. Thus, any subsequent attempts by Petitioner to make a record on the subject would not have restored fundamental

---

[4] Respondent includes in this section an additional argument. Basically, Respondent asserts that, even if its appeal is unsuccessful, a stay is still appropriate in light of the State's intention to retry the case. This means, according to the State, that Petitioner is likely to remain incarcerated, thus eliminating the need to lift the stay and release him now. Respondent's Memo at 4-5. As discussed below, even if the State were to choose, as would be its prerogative, to retry the Petitioner, it is not clear he would be denied the opportunity to be out on bail pending retrial.

5

fairness to the proceeding. Because Respondent offers no additional compelling arguments as to why the Court's previous findings and conclusions were in error, the Court does not find Respondent is likely to succeed on the merits in its appeal.

## 2. *Injury to Respondent*

Respondent next argues that, if the stay were lifted, the Petitioner freed and the conviction then reinstated upon appeal, Respondent would be irreparably harmed if Petitioner fled instead of returning to finish his sentence. Respondent's Memo at 5. As mentioned above, risk of flight is a legitimate concern to raise at this juncture, so much so that the Court had Respondent supplement its filings with information to shed some light on how serious a flight risk petitioner may be if released. After reviewing Respondent's affidavit dated October 25, 2005 ("Oct. 25 Aff."), as well as its supplemental letter dated October 27, 2005 ("Oct. 27 Letter"), the Court is not convinced Respondent has demonstrated flight risk, especially one that would rise to the level of irreparable injury.

In its filings, the State acknowledges Petitioner was originally released on bail pending trial and did not flee during the little more than two-week period he was out. See Oct. 27 Letter. The State must provide more, though, than the mere implicit suggestion that Petitioner did not flee because he did not have enough time to do so. What the record does show is that Petitioner was out on bail at some point and he did

6

not flee. Absent more to support Respondent's concerns, the Court is not persuaded that Petitioner's release will irreparably harm Respondent.[5]

### 3. *Injury to Petitioner*

The State's attempt to minimize the harm to Petitioner of further incarceration is unavailing; loss of liberty is plainly injurious.[6] The Court has already concluded that, even if the State chooses to retry Hawkins, he is entitled to immediate release. This result is also consistent with the state of the law. See Fed. R. App. P. 23(c) (calling for immediate release pending appeal absent further court action to the contrary); Braunskill, 481 U.S. at 777 (noting the "presumption in favor of enlargement of the prisoner with or without surety"). Thus, the injury to Petitioner of continued incarceration, especially when the law presumes he should be released, strongly favors denying the stay motion.

### 4. *Public Interest*

The State notes the public has an interest not only in the government not continuing to detain an individual who has successfully sought a writ of habeas corpus,

---

[5] As mentioned, danger to the community, if established, is another possible factor for consideration. See *infra* note 3. Here, the State makes no such explicit showing. The Court also does not find the State's interest in continued custody and rehabilitation to alter its decision on this factor.

[6] Petitioner, sentenced to a term of imprisonment of eight years to life, has already served well beyond the minimum.

7

P-049

but also in not releasing the same individual if the "conviction may well be reinstated" on appeal. Respondent's Memo at 6. The Court is convinced the former vindicates the public interest to a much greater extent than the latter. Thus, consideration of this factor, too, favors denying the motion.

## CONCLUSION

After consideration of the four stay factors, the Court finds the State has not overcome the presumption in favor of releasing Petitioner pending appeal. Thus, for the reasons set forth above, the Court LIFTS the interim stay it granted pending consideration of this motion, DENIES the motion for a stay of execution of judgment, and ORDERS Petitioner's release effective fifteen days from the date this Order is docketed, in order to provide sufficient time for Respondent, if it so chooses, to seek a stay of the April 15, 2005 order in the Second Circuit.

SO ORDERED.

DATED: November 1, 2005
Brooklyn, NY

_____
Senior U.S.D.J.